IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, an Insurance
Corporation,

        Plaintiff,

        vs.                      Case No. 06-1339-JTM

MASON BROWN; SHARON BROWN;
NORMA BURFIELD; ALLEN BECKER;
SYLVIA I. FRANCIS; HERBERT BECKER;
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and MICHAEL
O'LEAVITT, SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Defendants.

MEMORANDUM AND ORDER

The present action was brought pursuant to the Federal Interpleader Act, 28 U.S.C.

§ 1335. Plaintiff American Family Mutual Insurance Company ("American Family") filed a

motion for discharge and for entry of a permanent injunction. For the following reasons, the

court grants plaintiff's motion.

Plaintiff is an insurance provider that insured individuals involved in an automobile

accident which occurred in Sedgwick County, Kansas on August 27, 2005. Gary Burfield drove

a 1996 Chevrolet Lumina van in an eastbound direction on 85th Street near the intersection with

Broadway Street.  Upon reaching the intersection, Mr. Burfield stopped his vehicle.  Defendants Norma Burfield, Mason Brown, and Sharon Brown were passengers in Mr. Burfield's vehicle.

Defendant Allen Becker drove a 2004 Mercury Sable in a southbound direction on Broadway Street.  Defendants Sylvia I. Francis and Herbert Becker were passengers in Mr. Becker's vehicle.

Mr. Burfield allegedly failed to yield the right of way to Mr. Becker and proceeded into the intersection, where the vehicles collided.

Gary Burfield's vehicle was covered by an automobile insurance policy number 0316-0878-01-FPPA-KS ("the Policy"), issued by plaintiff, which was effective from July 23, 2005 to August 29, 2005.  The policy included limits of liability for each person in the sum of $100,000 and each accident in the sum of $300,000.  Therefore, where multiple claims are involved, the Policy creates a $300,000 fund for all bodily injuries arising out of one accident, with recovery limited to $100,000 per person.

Mason Brown, Sharon Brown, Herbert Becker, and Allen Becker asserted claims due to the automobile accident.  Defendant Norma Burfield also sustained damages and was served on November 15, 2006 by plaintiff.  Defendant Norma Burfield has not filed a responsive pleading.

Additionally, State Farm Mutual Automobile Insurance Company has asserted a statutory lien against any recovery due to medical services paid on behalf of defendants Mason Brown, Sharon Brown, Allen Becker, Sylvia I. Francis, and Herbert Becker.  Finally, Michael O'Leavitt, as Secretary of the United States Department of Health & Human Services, may have statutory claims for reimbursement of conditional Medicare payments on behalf of several individual defendants.

Plaintiff received leave of this court to deposit the subject funds into the registry of the court on November 13, 2006, followed by a deposit of the subject funds of $300,000 on November 15, 2006.

The issue for consideration is whether plaintiff is entitled to discharge and entry of a permanent injunction in accordance with the Federal Interpleader Act.  Plaintiff, the stakeholder of funds subject to multiple claims, seeks to use the interpleader procedure "to put the money or other property in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court."  *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993).

"Normally an interpleader action is concluded in two stages, the first determining that the requirements of § 1335 are met and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants."  *New York Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983).  Specifically, the Act states:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $ 500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $ 500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $ 500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title [28 USC § 1332], are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

3

(2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy. (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335. "Thus, the Federal Interpleader Statute (28 U.S.C. § 1335), sets forth three conditions for the granting of interpleader status and the exercise of original jurisdiction by the district courts: (1) an amount in controversy in excess of $500; (2) the presence of two or more adverse claimants of diverse citizenship who claim or may claim to be entitled to such money or property; and (3) the deposit by the plaintiff of such money or property into the registry of the court." *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 829 (S.D.N.Y. 1977).

The court finds that plaintiff meets the three conditions set forth by 28 U.S.C. § 1335. First, the amount of the subject funds is $300,000, which exceeds the minimal amount in controversy of $500. Additionally, there are multiple claimants who have previously, are presently, or may potentially claim to be entitled to the subject funds, including the injured individuals as well as State Farm and the Secretary of the United States Department of Health and Human Services. Diversity among the claimants is also present "if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder." *New York Life*, 700 F.2d at 95, n. 5. Specifically, defendant Herbert Becker is a citizen of Wyoming and the remaining individual defendants are citizens of Kansas. *See* Dkt. No. 17, ¶ 1. Finally, plaintiff has deposited the subject funds into the registry

4

of the court.  These funds are available for distribution in the manner ordered by the court in the second phase of the interpleader action.

Plaintiff also requests that the court discharge it from liability.  In a § 1335 interpleader action, the district court "may discharge the plaintiff from further liability" under 28 U.S.C. § 2361.  In *American Home Life Insurance Company v. Barber*, No. 02-4168-SAC, 2003 WL 22327092, at *6-8 (D. Kan. May 16, 2003), the court held:

> Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the parties or parties ultimately adjudged to be entitled thereto.

*Id*.  (internal citations omitted).  Plaintiff has no interest in the subject funds or how the funds are distributed.  *See Francis I. du Pont & Co. v. Sheen*, 324 F.2d 3, 5 (3d Cir. 1963) ("When a plaintiff in interpleader has paid the amount of his admitted debt into court and, after notice and opportunity to be heard, the claimants have been ordered to interplead, the law normally regards the plaintiff as having discharged his full responsibility in the premises.  Indeed, at this stage of the ligation the court often enters an order finally relieving the plaintiff of further responsibility and permanently enjoining the claimants from harassing him.").

Finally, plaintiff requests the court to enter a permanent injunction restraining the defendants "from instituting or prosecuting any proceeding in any State or United States court affecting the property" involved in this action, *i.e.*, the subject funds.  *See* 28 U.S.C. § 2361. Specifically, § 2361 states that "injunctive relief is especially proper where there are numerous claimants and where such relief would prevent a multiplicity of lawsuits."  *United States v.*

*Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978).  In the present case, numerous claimants and the possibility of multiplicity of lawsuits are present.  Therefore, the court grants plaintiff's request to enter a permanent inunction restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the subject funds.

IT IS ACCORDINGLY ORDERED this 30th day of May, 2007, that plaintiff's motion for discharge and for entry of a permanent injunction (Dkt. No. 32) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE